NO. 12-07-00321-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MELISSA NOVAK,                                            §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Melissa Novak appeals her conviction for burglary of a building, for which she was sentenced
to confinement for two years. In one issue, Appellant argues that the evidence was factually
insufficient to support the trial court’s judgment. We affirm.
 
Background
            Appellant was charged by indictment with burglary of a building.


 Appellant pleaded “not
guilty,” and the matter proceeded to a bench trial. 
            At trial, Smith County Sheriff’s Deputy Chris Hudson testified as the State’s first witness. 
Hudson testified that on November 19, 2006, while he was driving by the Pine Haven storage facility
as part of his patrol, he noticed the gates to the facility were open and that a white van was parked
among the storage units near the rear of the property. Hudson stated that he drove his vehicle to the
back of the property where he observed two persons carrying items out of one of the storage units.


 
Hudson further stated that he detained the two subjects, who were later identified to be Appellant
and her husband. Hudson testified that he looked inside Appellant’s vehicle and observed boxes and
bags containing various clothing and “craft” items. Hudson further testified that as he examined the
storage unit, he noticed that the lock to the unit had been cut and was lying on the ground. However,
Hudson noted that he did not locate any device that could have been used to cut the lock. Hudson
stated that he contacted the manager of the storage facility, who came to the scene. According to
Hudson, Janet Kugle-Jensen subsequently arrived at the storage facility and identified the property
in Appellant’s vehicle as her own. Finally, Hudson testified that the unit he observed Appellant
exiting while carrying items was unit D-17, which was the same unit that was rented to Kugle-Jensen.
            Kugle-Jensen testified as the State’s next witness. Kugle-Jensen stated that she rented a
storage unit at Pine Haven. Kugle-Jensen further stated that she kept the unit locked and never gave
anyone permission to enter it. After reviewing exhibits provided by the State, Kugle-Jensen testified
that the unit depicted in a number of the exhibits was rented to her. Kugle-Jensen further identified
a cut storage lock pictured in an exhibit as property belonging to her. Finally, Kugle-Jensen testified
that she identified the property found in Appellant’s vehicle as her property. Following Kugle-Jensen’s testimony, the State rested. 
            Appellant testified on her own behalf. Appellant stated that she had previously obtained
permission from Pine Haven to look for trash, junk, and abandoned property.


 Appellant further
stated that she and her family often look for “junk” so that they can later sell it at a flea market. 
Appellant testified that neither she nor anyone who was with her that evening cut or damaged any
lock on the property. Appellant further testified that she went to the property on the night in question
to pick up discarded or abandoned property, but did not intend to steal or wrongfully appropriate
anything.
            Following Appellant’s testimony, the defense rested.


 The trial court found Appellant
“guilty” as charged and ultimately sentenced her to confinement for two years. This appeal followed.
 
Factual Sufficiency
            In her sole issue, Appellant contends that the evidence is factually insufficient to support the
trial court’s judgment of conviction. When an appellant raises a contention that the evidence is not
factually sufficient to support the trial court’s judgment, we must first assume that the evidence is
legally sufficient under the Jackson


 standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). We then consider all of the evidence weighed by the fact finder that tends to
prove the existence of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although
we are authorized to disagree with the fact finder’s determination, even if probative evidence exists
that supports the verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not substantially
intrude upon the fact finder’s role as the sole judge of the weight and credibility of witness
testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the verdict on such
matters is generally regarded as conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–
El Paso 1996, pet. ref’d). Ultimately, we must ask whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
our confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000); see also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence is factually
insufficient only when reviewing court objectively concludes that the great weight and
preponderance of the evidence contradicts the verdict).
            To support a conviction for burglary of a building, the evidence must support that the
accused, without the effective consent of the owner, entered a building not then open to the public,
with intent to commit theft or entered a building and committed or attempted to commit a theft. See
Tex. Penal Code Ann. § 30.02(a)(1).


 
            In the instant case, the record reflects that Hudson observed Appellant exiting a storage unit,
which was rented by Kugle-Jensen.


 Hudson testified that as he examined the storage unit, he
noticed that the lock to the unit had been cut and was lying on the ground. Hudson further testified
that he looked inside Appellant’s vehicle and observed boxes and bags containing various clothing
and “craft” items. Kugle-Jensen stated that the property found in Appellant’s vehicle as well as the
cut storage lock belonged to her. Kugle-Jensen further stated that she kept the unit locked and never
gave anyone permission to enter it.
            Having reviewed the record in its entirety, we iterate that our evaluation should not
substantially intrude upon the fact finder’s role as the sole judge of the weight and credibility of
witness testimony, see Santellan, 939 S.W.2d at 164, and where there is conflicting evidence, the
verdict on such matters is generally regarded as conclusive. See Van Zandt, 932 S.W.2d at 96. It
follows that the trial court was entitled to find Hudson’s and Kugle-Jensen’s testimony was more
credible or weighed more heavily toward a finding of “guilty” than the testimony offered by
Appellant that she went to the property on the night in question to pick up discarded or abandoned
property, but did not steal or wrongfully appropriate anything. See Thompson v. State, 54 S.W.3d
88, 97 (Tex. App.–Tyler 2001, pet. ref’d). Our review of the record as a whole, with consideration
given to all of the evidence, both for and against the trial court’s finding, has not revealed to us any
evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant’s conviction clearly wrong or manifestly
unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court’s
judgment. Appellant’s sole issue is overruled.
 
 
Disposition
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment. 
 
 
 
                                                                                                   JAMES T. WORTHEN 
                                                                                                               Chief Justice
 
 
Opinion delivered May 7, 2008.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



























(DO NOT PUBLISH)